UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEROY SIMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV387MLM |
| ) | |
| 3098 CLAYBORN, JR., 2nd PRECINCT, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the court pursuant to the Motion to Dismiss filed by Defendant Police Officer Clayborn.[1] Doc. 12. Plaintiff has not filed a Response. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 14.

In his Complaint Plaintiff alleges that Officer Clayborn injured him during his arrest for attempted burglary in the first degree and that he was arrested as a result of racial and criminal record profiling. Plaintiff further alleges that while suffering congestive heart failure and high-blood pressure he "had to make a plea with appointed public defender"; that his public defender "conceded the prosecution"; that pursuant to Plaintiff's request his public defender failed to investigate his case and depose certain witnesses; that Plaintiff was "under total duress" going to trial with his appointed counsel; and that his motion to withdraw his guilty plea was denied. Doc. 3 at 4-6. Plaintiff also alleges that Officer Clayborn took a "deep knee-dive in [P]laintiff's back" and that Plaintiff was

---

[1] Plaintiff's Complaint also names as Defendants Half Moon Apartments, Betty Ruth Schuber, and Frank Robert Caliendo. By Order dated June 27, 2005, the court dismissed Plaintiff's Complaint in regard to these named Defendants. Doc. 6. As such, the only remaining Defendant is Officer Clayborn.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

"sickly and lost weight" prior to his arrest. Plaintiff requests that the court enter declaratory judgment that Defendants' acts, policies and practices violated his constitutional rights. Plaintiff further seeks injunctive relief and compensatory damages. Doc. 3 at 5-6. Officer Clayborn contends that Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff fails to state a claim upon which relief can be granted.

A court may dismiss a cause of action for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Alexander v. Peffer, 993 F.2d 1348, 1349 (8th Cir. 1993). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [his] claim." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). See also Bennett v. Berg, 685 F.2d 1053, 1058 (8th Cir. 1982) (a complaint should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations). The court must review the complaint most favorably to the plaintiff and take all well-pleaded allegations as true to determine whether the plaintiff is entitled to relief. Conley, 355 U.S. at 45-46. A dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff has presented allegations that show on the face of the complaint that there is some insuperable bar to relief. Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994). A civil rights complaint falls short of meeting "the liberal standard for notice pleading" when it is "entirely conclusory, giving no idea what acts the individual defendants are accused of that could result in liability." Frey v. City of Herculaneum, 44 F.3d 667, 672 (8th Cir. 1995). "At the very least" a civil rights complaint "must contain facts which state a claim as a matter of law and must not be conclusory." Id. at 671.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

42 U.S.C. § 1983 provides for liability on the part of persons "who, under color of any statute, ordinance, regulation, custom, or usage, of any State" deprive an individual of his or her constitutional rights. The two essential elements of a cause of action pursuant to § 1983 are: "'(1) whether the conduct of which the plaintiff complains "was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" DuBose v. Kelly, 187 F.3d 999, 1002 (8th Cir. 1999) (citations omitted). Monell v. Department of Social Services of New York, 436 U.S. 658 (1978), requires that to establish a violation of § 1983 a plaintiff must establish that the act in question implements or executes an official policy or law or reflects a custom which amounts to de facto policy of the government entity.

To the extent that Plaintiff alleges that Officer Clayborn used excessive force upon arresting him, in Kuha v. City of Minnetomka, 328 F.3d 590, 596, 397 (8th Cir. 2004), the Eighth Circuit articulated the standard for determining whether force is excessive as follows:

> "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application." Bell v. Wolfish, 441 U.S. 520, 559, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), quoted in Graham, 490 U.S. at 396, 109 S.Ct. 1865. "[H]owever, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396, 109 S.Ct. 1865 (citing Tennessee v. Garner, 471 U.S. 1, 8-9, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985), characterizing the inquiry as "whether the totality of the circumstances justifie[s] a particular sort of ... seizure"). In sum, "the nature and quality of the intrusion on the individual's Fourth Amendment interests [must be balanced] against the importance of the governmental interests alleged to justify the intrusion." United States v. Place, 462 U.S. 696, 703, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983), quoted in Garner, 471 U.S. at 8, 105 S.Ct. 1694.
>
> "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham, 490 U.S. at 396, 109 S.Ct. 1865 (citing Terry v. Ohio, 392 U.S. 1, 20-22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation." Id. at 396-97, 109 S.Ct. 1865. "[T]he question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Id. at 397, 109 S.Ct. 1865 (citations omitted). "An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional." Id. (citations omitted).

See also Crumley v. City of St. Paul, 324 F.3d 1003, 1008 (8th Cir. 2003) ("The absence of an injury altogether suggests to us the force used here was reasonable.").

Moreover, as held by the Eighth Circuit in Crumley:

> "Fourth Amendment jurisprudence has long recognized [however] that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Graham v. Connor, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Therefore, " '[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,' violates the Fourth Amendment." Id. (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.1973)).

Id. at 1007.

Plaintiff's Complaint fails to specify the nature of the injury or injuries which he allegedly received upon his arrest. He further acknowledges that there was confusion at the time of his arrest. Additionally, Plaintiff has not identified a specific allegedly unconstitutional policy of a governmental entity which Officer Clayborn was implementing at the time of Plaintiff's arrest.[2] Rather, Plaintiff

---

[2] In Pembaur v. City of Cincinnati, 475 U.S. 469 (1986), the Supreme Court held that under certain circumstances, municipal liability may be imposed for a single decision or action by a municipal policymaker and held that:

> [A] municipality may be liable under § 1983 for a single decision by its properly constituted legislative body--whether or not that body had taken similar action in the past or intended to do so in the future--because even a single decision by such a body unquestionably constitutes an act of official government policy.... But the power to establish policy is no more the exclusive province of the legislature at the local level than at the state or national level. Monell's language makes clear that it expressly envisioned other officials "whose acts or edicts may fairly be said to

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

makes a conclusory statement that a warrant was issued for his arrest "through racial" and "criminal-record profiling." The court finds, therefore, that Plaintiff's Complaint is conclusory and fails to give Officer Clayborn an idea of the acts of which he is accused and which could result in liability. See Frey, 44 F.3d at 671-72.

Additionally, a cause of action for damages under § 1983 is not cognizable where a "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction" unless the plaintiff can demonstrate that the conviction has already been invalidated by a state court or by a federal court upon habeas corpus review. Heck v. Humphrey, 512 U.S. 477, 487 (1994). Plaintiff in the matter under consideration does not allege that his conviction has been invalidated. Plaintiff's Complaint suggests, however, that he pled guilty under duress and that he received ineffective assistance of guilty plea counsel. Were Plaintiff to establish that he was denied his constitutional rights for these reasons, his conviction would be invalidated. See Strickland v. Washington, 466 U.S. 668, 690 (1984) (establishing the constitutional standard for effective assistance of counsel); United States v. Storey, 990 F.2d 1094, 1097 (8th Cir. 1993) (establishing the constitutional standard for effective assistance of guilty plea counsel); Santobello v. New York, 404 U.S. 257. 261-62 (1971) (establishing the standard for constitutionality of a guilty plea). As such, the court finds that Plaintiff's Complaint should be dismissed in its entirety for failure to state a cause of action pursuant

---

represent official policy," and whose decisions therefore may give rise to municipal liability under § 1983.

Id. at 480.

The Court made clear, however, that municipal liability attaches only when the decision maker possesses "final authority" to establish municipal policy with respect to the action ordered. Id. at 481.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

to Rule 12(b)(6). See Heck, 512 U.S. at 487; Monell, 436 U.S. 658; Conley, 355 U.S. at 45-46; Kuha, 328 F.3d at 433-44; Frey, 44 F.3d at 671-72.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Complaint should be dismissed in its entirety; Doc. 3.

**IT IS FURTHER ORDERED** that the Rule 16 conference scheduled for Wednesday, September 14, 2005, is cancelled;

**IT IS FURTHER ORDERED** that a separate Judgment shall issue this same date incorporating this Memorandum Opinion.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of September, 2005.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com